IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3108-F

| | |
|---|---|
| TROY JAY MCRATH, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| FAYE DANIELS, *et al.*, | ) |
| Defendants. | ) |

On April 29, 2014, Plaintiff[1] filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). It does not clearly appear from the face of the complaint that Plaintiff's claim is frivolous. Thus, the court will allow the case to proceed, and the Clerk of Court is DIRECTED to maintain management of Plaintiff's complaint.

Plaintiff has also filed a motion requesting the appointment of counsel [DE-8]. There is no

---

[1] At the time Plaintiff filed his complaint, he was incarcerated at Pamlico Correctional Institution. Am. Compl. [DE-5], p. 2. He has since been released from custody [DE-15].

constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claims are not particularly complex, nor do other exceptional circumstances exist. Furthermore, Plaintiff has demonstrated through his filings that he is capable of proceeding pro se. Accordingly, Plaintiff's motion for the appointment of counsel [DE-8] is DENIED.

In addition, Plaintiff has filed several motions, requesting a hearing "to determine the factual basis of his complaints" [DE-9] and the entry of a scheduling order [DE-7, 10]. Likewise, Plaintiff has also filed several discovery requests with the court. [DE-7]. The court notes that discovery materials are not to be filed unless by order of the court. Local Civil Rule 26.1(a). Moreover, these motions are premature given that Defendants have not been served with process. See Davidson v. Davis, No. 3:13-CV-590-FDW, 2014 WL 2696573, at * 5 (W.D.N.C. June 13, 2014). Accordingly, Plaintiff's remaining motions [DE-7, 9, 10] are DENIED.

## Conclusion

The Clerk of Court is DIRECTED to maintain management of Plaintiff's complaint. Plaintiff's pending motions [DE-7, 8, 9, 10] are DENIED. Finally, the court further ORDERS as

follows:

1. The clerk shall manage the action pursuant to Standing Order 14-SO-02.

2. If service on any Defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This the 11th day of December, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge